**LINN COUNTY, Iowa, Claimant–Appellee,**

v.

**Eugene KOPECKY, Fiduciary of the Estate of Dorothy L. Holecek, Defendant–Appellant.**

No. 91–882.

Court of Appeals of Iowa.

June 25, 1992.

Eugene K. Kopecky of Ackley, Kopecky & Kingery, Cedar Rapids, for defendant-appellant.

Susan Flaherty, Asst. County Atty., for claimant-appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

■ The issue in this appeal is whether the legislature intended the estate of a person for whom the county incurred expenses at a mental care facility can have an obligation to pay for that care that is in excess of the obligation that was imposed on the deceased person during his or her lifetime. We find the legislature intended that an estate could have an obligation in excess of the obligation the decedent had in his or her lifetime. We affirm the trial court.

The trial court found the estate of Dorothy L. Holecek liable to Linn County for expenses the county incurred for Dorothy's care at the Mental Health Institute in Independence, Iowa, and allowed the claim of claimant-appellee Linn County, Iowa for $41,174.24 against defendant-appellant Eugene Kopecky, fiduciary of the estate of Dorothy L. Holecek. We affirm.

The parties stipulated to the facts and agreed that section 230.15 established liability on decedent for part of the cost of her care. The liability of section 230.25 is limited by section 230.15. Decedent or her estate has paid all liability established by section 230.15 and that liability is not at issue.

The county claimed the $41,174.24, which exceeded the amount the decedent was obligated to pay, was due by virtue of Iowa Code section 230.30 that provides in applicable part:

On the death of a person receiving or who has received assistance under the provisions of this chapter, and whom the board had previously found, under section 230.25, is able to pay there shall be allowed against the estate of such decedent a claim of the sixth class for that portion of the total amount paid for that person's care which exceeds the total amount of all claims....

■ The issue question is whether the county claim should be limited by the statutory provisions that limit the liability of the patient, or provides for liens based on ability to pay subject to a limit of liability of the patient, or whether because the claim is against an estate rather than a living person, can the claim exceed the amount of the lien.

To address the issue, we need to refer to Iowa Code section 230.15 which states in relevant part:

The liability to the county incurred by a mentally ill person or a person legally liable for the person's support under this section is limited to an amount equal to

one hundred percent of the cost of care and treatment of the mentally ill person at the state mental health institute for one hundred twenty days of hospitalization. This limit of liability may be reached by payment of the cost of care and treatment of the mentally ill person subsequent to a single admission or multiple admissions to a state mental health institute or, if the person is not discharged as cured, subsequent to a single transfer or multiple transfers to a county care facility pursuant to section 227.11. After reaching this limit of liability, a mentally ill person or a person legally liable for the person's support is liable to the county for the care and treatment of the mentally ill person at a state mental health institute or, if transferred but not discharged as cured, at a county care facility in an amount not in excess of the average minimum cost of the maintenance of a physically and mentally healthy individual residing in the individual's own home.... A lien imposed by section 230.25 shall not exceed the amount of the liability which may be incurred under this section on account of any mentally ill person....

Under Iowa Code section 230.15, after 120 days of treatment, the liability of Dorothy was limited to $7.10, the average minimum cost of the maintenance of a physically and mentally healthy individual residing in the individual's own home.

Iowa Code section 230.25 provides for liens based on ability to pay, subject to the limits of liability of 230.15, which provides the lien of section 230.25 shall not exceed, after 120 days of treatment, $7.10 per day. Iowa Code section 230.25(1) states in applicable part:

> If the board finds upon review that that person or those legally liable for the person's support are presently able to pay the expenses of that person's hospitalization, that finding shall apply only to charges stated upon the certificate from which the list was drawn up and any subsequent charges similarly certified, unless and until the board again changes its findings.

The question then is does section 230.30 establish a claim in excess of the lien? Should estates be treated differently?

The trial court recognized possible conflict between its ruling and section 230.15, but found section 230.30 allows a claim for that portion of the total amount paid for that person's care a clear and unambiguous phrase.

■■■ To resolve this ambiguity, we resort to statutory construction. *Metier v. Cooper Transp. Co.,* 378 N.W.2d 907, 912 (Iowa 1985). We may consider the language used in the statute, the objects sought to be accomplished, the evils and mischief sought to be remedied, and place a reasonable construction on the statute which will best effectuate its purpose rather than defeat it. *Id.* at 912. We must examine both the language used and the purpose for which the legislation was enacted and consider all parts together without giving undue importance to one single or isolated portion. *Id.*

■■■ Iowa Acts 1976 (66 G.A.) ch. 1104, § 5, this amendment provided in applicable part:

> "the total amount paid for their care" to "and whom the board has previously found, under section 230.25 is able to pay there," deleted "as a claim of the second class" following shall be allowed, and inserted "a claim of the sixth class for that portion of the total amount paid for that person's care which exceeds the total amount of all claims of the first through the fifth classes, inclusive, as defined in section 633.425 of the Code which are allowed against that estate."

The parties stipulated Dorothy was previously found by the board of supervisors to have the ability to pay expenses related to her hospitalization. After the board's determination that Dorothy had the ability to pay her hospitalization expenses, section 230.30 allows *the total amount paid for that person's care,* to be a claim against the decedent's estate. Therefore, upon

Dorothy's death, her estate is liable for the full payment of her care.

AFFIRMED.